UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:21-cv-23305-MGC

JOHN B. SIMS III,

        Plaintiff,

v.

3000 ISLAND BOULEVARD CONDOMINIUM
ASSOCIATION, INC., a Florida not-for-profit
Corporation, and WILLIAMS ISLAND PROPERTY
OWNERS' ASSOCIATION, INC., a Florida
not-for-profit corporation,

        Defendants.
_____/

## DEFENDANT WILLIAMS ISLAND PROPERTY OWNERS' ASSOCIATION'S MOTION TO DISMISS COMPLAINT WITH PREJUDICE

Defendant, WILLIAMS ISLAND PROPERTY OWNERS' ASSOCIATION, INC. ("Defendant"), by and through the undersigned counsel, and pursuant to Federal Rule of Civil Procedure 12(b)(6) moves to dismiss Plaintiff's Complaint with prejudice, and in support thereof states the following:

### PRELIMINARY STATEMENT

Plaintiff is a former employee of 3000 Island Boulevard Condominium Association, Inc. ("3000") who claims he was terminated as the result of information obtained from an unauthorized background check in violation of the Fair Credit Report Act ("FCRA"). Plaintiff filed a Complaint against 3000 and Williams Island Property Owners' Association ("WIPOA") – the master association of the property that includes 3000 as well as several other residential condominium buildings. The claims against WIPOA relate to allegations that its Security Director, Daniel

O'Connell ("O'Connell"), provided Plaintiff's criminal history to 3000's Board President and that this amount to conspiracy to violate the Fair Credit Reporting Act and tortious interference with a contractual or business relationship. As set forth below, Counts III and IV of Plaintiff's Complaint must be dismissed, with prejudice.

## ARGUMENT AND CITATION OF AUTHORITY

## STANDARD OF REVIEW

The Federal Rules of Civil Procedure require Plaintiff to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, Plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A well-pleaded Complaint requires "more than labels and conclusions" and must meet the following threshold requirements to survive a motion to dismiss: (1) a pleader must bridge the gap between the conclusory and the factual; and (2) a pleader must allege suggestive facts that exceed factual neutrality. *Twombly*, 550 U.S. at 557 n.5.

Under *Ashcroft v. Iqbal*, "a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." 556 U.S. 662, 678 (2009) (internal citations omitted). "[I]f allegations are indeed more conclusory than factual, then the court does not have to assume their truth." *Chaparro v. Carnival Corp.*, 693 F.3d 1333 (11th Cir. 2012). As set forth in detail below, Plaintiff fails to satisfy this basic pleading standard and therefore, the Court should dismiss his Complaint in its entirety.

I. **PLAINTIFF FAILS TO STATE A CLAIM FOR TORTIOUS INTERFERENCE WITH A BUSINESS RELATIONSHIP**

To succeed on a claim for tortious interference with a business relationship, a plaintiff must show: (1) the existence of a business relationship under which the plaintiff has rights; (2) the defendant's knowledge of that relationship; (3) an intentional and unjustified interference with the relationship by the defendant; and (4) damage to the plaintiff caused by the interference. *See MKT Reps S.A. DE C.V. v. Standard Chtd. Bank Int'l (Americas) Ltd.*, 520 F. App'x 951, 954 (11th Cir. 2013); *Ethan Allen, Inc. v. Georgetown Manor, Inc.,* 647 So. 2d 812, 814 (Fla. 1994). In addition to these four elements, ***the defendant must be a third-party or stranger to the relationship*** at issue. *See Radde v. BMS Intermediaries, Inc.*, Civil Action No. 18-23274-Civ, 2019 U.S. Dist. LEXIS 36865, at *11 (S.D. Fla. Mar. 6, 2019) (quoting *Buckner v. Lower Florida Keys Hospital District,* 403 So. 2d 1025, 1028 (Fla. 3d DCA 1981) ("We begin our analysis by observing that a cause of action for wrongful interference with a business relationship is recognized only when the interference is by one who is not a party to that relationship.")); *Jarzynka v. St. Thomas Univ. Sch. of Law*, 310 F. Supp. 2d 1256, 1267 (S.D. Fla. 2004) (citing *Cedar Hills Props. Corp v. E. Fed. Corp.,* 575 So. 2d 673, 676 (Fla. 1st DCA 1991) ("An agent of a corporate party to a contract, acting within his capacity and scope as an agent, cannot be considered to be a separate entity outside of the contractual relationship which can tortiously interfere with that relationship.")).

Plaintiff claims that "WIPOA intentionally and without justification, interfered with [his] existing business relationship with 3000" by obtaining an "unauthorized" background check and providing it to 3000 "knowing that such information could or would induce 3000 to terminate [his] employment." Compl. ¶ 85. However, Plaintiff's tortious interference allegations fail to state a claim because he does not allege interference by a third-party. Under Florida law, a claim "for wrongful interference with a business relationship is recognized only when the interference is by

one who is not a party to that relationship." *Buckner,* 403 So. 2d at 1028.

Here, Plaintiff alleges that "3000's employees are not employees of WIPOA" and "WIPOA's employees are not employees of 3000." Compl. ¶¶ 36-37. However, he fails to allege that WIPOA's Director of Security, O'Connell, was a third party to Plaintiff's relationship with 3000. To the contrary, Plaintiff concedes that O'Connell is 3000's "contracted security director" in his letter to the Florida Department of State attached to his Complaint at Exhibit E. Indeed, Mr. Connell is the Security Director for both WIPOA and each of the individual condominium buildings/condominium associations, including 3000. In light of Plaintiff's admission that O'Connell is 3000's "contracted security director" and therefore clearly an agent of 3000, a tortious interference claim regarding the alleged "unauthorized background check" fails as a matter of law because one cannot interfere with a relationship to which he is a party. Simply stated, O'Connell cannot interfere with a relationship between 3000 and its employees because he is an agent of 3000 charged with maintaining security for the building, its employees, and its residents. *See, e.g., Buckner,* 403 So. 2d at 1028. Plaintiff attempts to avoid this deficiency by alleging that WIPOA and 3000 employ their own individuals; however, this does not resolve the issue. An individual does not have to be an employee of an entity to have a relationship with that entity, which is precisely the case here. Accordingly, Plaintiff cannot state a claim for tortious interference with a business relationship.

## II. PLAINTIFF FAILS TO STATE A CAUSE OF ACTION FOR CIVIL CONSPIRACY AGAINST WIPOA

In order to state a cause of action for civil conspiracy, Plaintiff must establish: 1) an agreement between two or more parties, 2) to do an unlawful act or to do lawful acts by unlawful means, 3) doing some overt act in furtherance of the conspiracy and 4) damages to the plaintiff as a result of the acts done under the conspiracy. *Starks v. Chuhak & Tecson, P.C.*, No. 17-62366-

CIV-COHN/SELTZER, 2019 U.S. Dist. LEXIS 10043, at *17 (S.D. Fla. Jan. 18, 2019). Further, a plaintiff must allege an underlying illegal act or independent tort. *SFM Holdings, Ltd. v. Banc of Am. Sec., LLC*, 764 F.3d 1327, 1338-39 (11th Cir. 2014) (explaining that Florida does not recognize civil conspiracy as a freestanding tort.) The gist of a civil conspiracy is not the conspiracy itself, but the underlying civil wrong occurring pursuant to the conspiracy and which results in the plaintiff's damages. *Marriott Int'l, Inc., v. Am. Bridge Bahamas, Ltd.*, 193 So. 3d 902, 909 (Fla. 3d DCA 2015). The conspiracy does not give rise to an independent cause of action but is a device to allow a plaintiff to spread liability to those involved in causing the underlying tort. *Lorillard Tobacco Co. v. Alexander*, 123 So. 3d 67, 80 (Fla. 3d DCA 2013) ("Conspiracy is not a separate or independent tort but is a vehicle for imputing the tortious acts of one coconspirator to another to establish joint and several liability.") (quoting *Ford v. Rowland*, 562 So. 2d 731, 735 n.2 (Fla. 5th DCA 1990)). Here, Plaintiff failed to allege a conspiracy between two or more parties or an underlying illegal act or independent tort.

### A. O'Connell Could Not Conspire With 3000 Because He was Acting as its Agent

The "intracorporate conspiracy doctrine bars allegations of conspiracy between agents of the same organization." *Humphrey v. Napolitano*, 847 F. Supp. 2d 1349, 1358 (S.D. Fla. 2012). "This doctrine stems from basic agency principles that attribute acts of the agents of a corporation to the corporation, so that all of their acts are considered to be those of a single legal actor." *Id.* (citing *Dickerson v. Alachua County Com'n*, 200 F.3d 761, 766 (11th Cir. 2000)). "The reasoning behind the intracorporate conspiracy doctrine is that it is not possible for a single legal entity consisting of the corporation and its agents to conspire with itself, just as it is not possible for an individual person to conspire with himself." *Id.*

Here, Plaintiff alleges that "3000's employees are not employees of WIPOA" and "WIPOA's employees are not employees of 3000;" however, Plaintiff fails to plead that O'Connell

is not an *agent* of 3000. Indeed, as discussed *supra*, such an allegation would be blatantly false and contrary to Plaintiff's assertions in Exhibit E attached to his complaint as O'Connell was an agent of 3000 and charged with managing security for the building, its employees, and its residents.

### B. O'Connell Acted Within the Scope of his Duties

The exception to the intracorporate conspiracy doctrine is called the personal stake doctrine. *Weisman v. Southern Wine & Spirit of Am., Inc.*, 297 So. 3d 646, 652 (Fla. 4th DCA 2020). For the personal stake exception to be applicable, the plaintiff must establish that the employees were motivated *solely* by personal bias. *Id.* (emphasis added). Further, the benefit to the employee "must be more than incidental to the benefit to the principal." *Mancinelli v. Davis*, 217 So. 3d 1034, (Fla. 4th DCA 2017) (internal citation and quotation omitted).

Plaintiff alleges that the conspiracy occurred between WIPOA's employee, O'Connell, and 3000. Compl. ¶ 77. Plaintiff further alleges that 3000 and WIPOA agreed to terminate Plaintiff's employment based on information contained within the consumer credit reports. *Id.* at ¶ 78. The intracorporate conspiracy doctrine applies as O'Connell is an agent of 3000. Pursuant to the intracorporate doctrine, there can be no conspiracy between WIPOA, acting through O'Connell, and 3000's employees, unless the Plaintiff can establish the personal stake exception or the fact that O'Connell was motivated solely by personal bias/benefit. *Weisman*, 297 So. 3d at 652. Plaintiff failed to include factual support for either possibility. The allegations regarding O'Connell do not show his discriminatory actions and/or intent. Compl. ¶ 27, 28, 33. Plaintiff does not allege that O'Connell acted outside his scope of employment or has a personal stake in the activities. To the contrary, Plaintiff explicitly plead that "O'Connell [was] acting within the scope of his employment under the doctrine of *respondeat superior*." Compl. ¶ 51. As such, Plaintiff fails to state a cause of action for civil conspiracy and Count III must be dismissed.

### C. Further, Plaintiff Failed to Allege an Underlying Illegal Act or Independent Tort

Moreover, Florida does not recognize an independent cause of action for civil conspiracy; rather, the plaintiff must allege an underlying illegal act or tort on which conspiracy is based. *Alhassid v. Bank of Am., N.A.*, 60 F. Supp. 3d 1302, 1316 (S.D. Fla. 2014). *Kee v. Nat'l Reserve Life Ins. Co.*, 918 F.2d 1538, 1541-42 (11th Cir. 1990) ("The basis for the conspiracy must be 'an independent wrong or tort which would constitute a cause of action if the wrong were done by one person.'") (quoting *American Diversified Ins. Servs. v. Union Fidelity Life Ins. Co.*, 439 So.2d 904, 906 (Fla. 2d DCA 1983)). Here, Plaintiff does not allege an underlying violation of the FCRA because he fails to allege that the criminal history reported by O'Connell was inaccurate and fails to allege that the "consumer report" was received from a "consumer reporting agency."

#### 1. Plaintiff Did Not Allege that the Background Report Was Inaccurate

First, in a case under the Fair Credit Reporting Act, 15 U.S.C.S. § 1681, et seq., a plaintiff has an affirmative duty to come forward with evidence supporting his claim that an alleged ***inaccurate report*** caused him harm. *See Rumbough v. Experian Info. Sols., Inc.*, 626 F. App'x 224, 226 (11th Cir. 2015). Here, Plaintiff alleges that the background check included information about Plaintiff's arrest in 1991 but does not allege that this information is inaccurate. Compl. ¶ 33.

#### 2. The Background Report Was Not Obtained from a Consumer Reporting Agency

Furthermore, "[t]he term 'consumer reporting agency' means any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports." *Smith v. First Nat'l Bank*, 837 F.2d 1575, 1579 (11th Cir. 1988). Here, Plaintiff does not

allege that he obtained the alleged "unauthorized background check" from a "consumer reporting agency" as required by the FCRA. To the contrary, Plaintiff explicitly alleges that 3000 obtained the background check containing Plaintiff's criminal history from O'Connell. There are no allegations to support, nor can Plaintiff allege that O'Connell or WIPOA constitute a "consumer reporting agency" within the meaning of the FCRA. Therefore, Plaintiff does not allege an underlying violation of the FCRA and cannot state a claim for civil conspiracy.

## CONCLUSION

For all of the foregoing reasons, WIPOA respectfully requests that the Court dismiss Counts III and IV of Plaintiff's Complaint with prejudice.

Dated:  October 22, 2021
       Miami, Florida

Respectfully submitted,

By:   *s/ Stephanie M. Spritz*
Paul F. Penichet, Esq.
Florida Bar No. 899380
E-mail: *paul.penichet@jacksonlewis.com*
Stephanie M. Spritz, Esq.
Florida Bar No. 113128
E-mail: stephanie.spritz@jacksonlewis.com
JACKSON LEWIS P.C.
One Biscayne Tower
2 South Biscayne Boulevard, Suite 3500
Miami, Florida 33131
Telephone: (305) 577-7600
Facsimile: (305) 373-4466

*Attorneys for Defendant, Williams Island Property Owners' Association, Inc.*

CASE NO. 1:21-cv-23305-MGC

## CERTIFICATE OF SERVICE

I hereby certify that on October 22, 2021, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

*s/Stephanie M. Spritz*
Stephanie M. Spritz, Esq.

## SERVICE LIST

**U.S. District Court, Southern District of Florida**
*John B. Sims III v. 3000 Island Boulevard Condominium Association, Inc., and Williams Island Property Owners' Association, Inc.*
**CASE NO. 1:21-cv-23305-MGC**

Robert E. Menje, Esq.
Florida Bar No. 111663
E-mail: *robert@remlawyer.com*
ROBERT E. MENJE, PLLC
12590 Pines Boulevard, #260487
Pembroke Pines, Florida 33026
Telephone: (305) 506-6666

*Counsel for Plaintiff*

Paul F. Penichet, Esq.
Florida Bar No. 899380
E-mail: *paul.penichet@jacksonlewis.com*
Stephanie M. Spritz, Esq.
Florida Bar No. 113128
Email: *stephanie.spritz@jacksonlewis.com*
JACKSON LEWIS P.C.
One Biscayne Tower, Suite 3500
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 577-7600

*Attorneys for Defendant, Williams Island Property Owners' Association, Inc.*

4826-1857-8942, v. 3