UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-23305-Civ-COOKE/DAMIAN

**JOHN B. SIMS III**,

    Plaintiff,

vs.

**3000 ISLAND BOULEVARD CONDOMINIUM ASSOCIATION, INC., a Florida not-for-profit corporation, and WILLIAMS ISLAND PROPERTY OWNERS' ASSOCIATION, INC., a Florida not-for-profit corporation**,

    Defendants.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

**THIS MATTER** is before the Court on Defendant 3000 Island Boulevard Condominium Association, Inc.'s Motion to Dismiss (the "Motion") (ECF No. 9). Plaintiff John B, Simms, III ("Plaintiff" or "Sims") filed a timely response in opposition to the Motion. ECF No. 13. Defendant 3000 Island Boulevard Condominium Association, Inc. ("Defendant 3000" or "3000" or "Defendant") did not file a reply brief in support of the Motion and the time to do so has passed.

### Background

In his Complaint, in relevant part, Sims alleges that he "is a licensed Florida Community Association Manager" and "has extensive experience managing condominium/homeowners' associations in Florida." ECF No. 1, Compl. at ¶¶ 10 and 12. Plaintiff further alleges "[i]n June 2021, [Defendant 3000's] property manager Susan Delano retired. Accordingly, 3000 began to search for a replacement to fill the property manager position." *Id.* at ¶¶ 13-14 (alterations added). Plaintiff applied for Defendant 3000's open property manager position. *Id.* at ¶ 15. According to

1

Plaintiff, on June 18, 2021, as part of the application process, he executed a Release Form authorizing Professional Screening Services, Inc. ("PSS") to conduct a credit and criminal background check. *Id.* at ¶ 16. "After reviewing the results of the Authorized Background Check, after interviewing [Plaintiff], and after conducting an extensive investigation, [Plaintiff] was hired by 3000 to fill the open property manager position." *Id.* at ¶ 20.

On July 12, 2021, Plaintiff's employment as 3000's property manager began. *Id.* at ¶ 25. "On July 19, 2021 (one week after he was hired), without warning, [Plaintiff] was notified that his employment was being terminated effective immediately[.]" *Id.* at ¶ 26 (alterations added). According to Plaintiff, on the date that he was terminated, Daniel O'Connell ("O'Connell"), an employee of [Williams Island Property Owners' Association ("WIPOA")], showed up in [Plaintiff's] office with three Aventura Police Officers to escort [Plaintiff] out of the building as if [Plaintiff] was a common criminal[.]" *Id.* at ¶ 27 (alterations added). Plaintiff further alleges that after he was terminated, he contacted 3000's President, Norman S. Klein ("Klein"), to ask why his employment was terminated. *Id.* at ¶ 31. Klein advised Plaintiff that after he was hired, O'Connell took it upon himself to conduct his own criminal background check on Plaintiff. *Id.* at ¶ 32. Klein further advised Plaintiff that 3000's Board terminated his employment after O'Connell advised them that his background check of Plaintiff found that Plaintiff had been arrested in 1991. *See id.* at ¶ 33.

Plaintiff alleges that he "never provided WIPOA, nor Daniel O'Connell permission, written or otherwise, to conduct a criminal background check on him." *Id.* at ¶ 34. According to Plaintiff, he does not have and has never had any relationship with WIPOA, 3000's employees are not employees of WIPOA, WIPOA's employees are not employees of 3000, and 3000 and WIPOA are separate corporations. *Id.* at ¶¶ 35-38. Prior to hiring Plaintiff, 3000 never asked him any

2

questions related to his criminal history, including whether he had ever been arrested. *Id.* at ¶ 41. Moreover, According to Plaintiff, he did not omit or misstate material facts on his employment application or other employment documents that could possibly lead to the termination or rescission of an offer of employment under the relevant provision of 3000's Personnel Manual. *Id.*

Based upon the above factual allegations, Plaintiff's Complaint asserts claims for: (1) violation of Section §1681b(b)(3)(A)(i)-(ii) of the Fair Credit Reporting Act ("FCRA") (Count I); and (2) violation of Section § 1681m(a) of the FCRA (Count II). When originally filed, Plaintiff's Complaint asserted two additional claims, conspiracy to violate the FCRA and tortious interference with a contractual or business relationship (Counts III and IV), against WIPOA; however, WIPOA filed a motion to dismiss those claims on October 22, 2021. Because Plaintiff failed to file an opposition to WIPOA's Motion to Dismiss, this Court dismissed Counts III and IV of Plaintiff's Complaint by default in accordance with Southern District of Florida Local Rule 7.1(c). ECF No. 31, Amended Order Granting Defendant Williams Island Property Owners' Association's Motion to Dismiss by Default. As such, the remaining counts in this action are Counts I and II, which Plaintiff asserts solely against Defendant 3000.

## **Legal Standard**

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss, a plaintiff must plead sufficient facts to state a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In evaluating a motion to dismiss, the Court's consideration is limited to the allegations in the complaint. *GSW, Inc. v. Long Cty.*, 999 F.2d 1508, 1510 (11th Cir. 1993). "All factual allegations are accepted as true and all reasonable inferences are drawn in the plaintiff's favor." *Simione v.*

3

*Libman*, 18-63037-CIV, 2019 WL 6324284, at *2 (S.D. Fla. Nov. 25, 2019), appeal dismissed, 19-14940-AA, 2020 WL 7384952 (11th Cir. July 20, 2020) (citing *Speaker v. U.S. Dep't of Health & Human Servs. Ctrs. For Disease Control & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010)). While a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. *See also Iqbal*, 556 U.S. at 678 (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 557) (alteration in original).

## Discussion

In its Motion, Defendant 3000 asserts four grounds for dismissal of Plaintiff's Compliant. First, Defendant 3000 argues that this action should be dismissed because "[t]he FCRA's definition of 'consumer report' does not apply to public records from a court proceeding; thus, procuring an individual's criminal background information through public records is nonactionable under any provision of 15 U.S.C. § 1681." ECF No. 9, Def.'s Mot. to Dismiss at p. 8. Second, 3000 argues that Plaintiff's Complaint alleges in an impermissibly conclusory manner that "the Background Check' conducted by O'Connell is [a] 'consumer report'[.]" *Id.* at p. 10 (alterations added). Third, Defendant 3000 argues that "[b]ecause Plaintiff has not alleged that O'Connell and/or WIPOA is a 'consumer reporting agency', Plaintiff has not alleged that the Background Check furnished by O'Connell and/or WIPOA, is a 'communication of information by a consumer reporting agency." *Id.* And, finally, 3000 argues that "the information regarding Plaintiff's criminal record that has been made available on Miami-Dade and Broward County Clerk websites and accessed by O'Connell cannot qualify as a 'consumer report.'" *Id.* Because the Court finds that Plaintiff failed

4

to allege that Defendant terminated his employment due to information Defendant garnered from a consumer report, the Court will not reach Defendant's other arguments.

The Court finds that Plaintiff has failed to state a claim for violation of the FCRA. Plaintiff fails to allege that the information that actually led to his termination was, in fact, a consumer report as that term is defined in the FCRA. Section 1681a(d)(1)(B) of the FCRA defines a "consumer report" as "any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for," amongst other purposes, employment. 15 U.S.C. § 1681a(d)(1)(B). A "consumer reporting agency," in turn, is defined as "any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports." 15 U.S.C. § 1681a(f).

Here, as previously discussed, Plaintiff's Complaint alleges that Klein advised Plaintiff that after he was hired, O'Connell took it upon himself to conduct his own criminal background check on Plaintiff. ECF No. 1, Compl. at ¶ 32. The Complaint then alleges that Klein further advised Plaintiff that 3000's Board terminated Plaintiff's employment after O'Connell advised them that his background check of Plaintiff found that Plaintiff had been arrested in 1991. *Id.* at ¶ 33. Plaintiff's Complaint, however, fails to make any plausible allegations related to where or how O'Connell purportedly got the information about Plaintiff's 1991 arrest. Indeed, there are no facts from which the Court could infer that the source of the information meets the statutory definition

of a consumer report provided by a consumer-reporting agency. *See Rodriguez v. His House Children's Home*, No. 20-21134-CIV, 2020 WL 6525470, at *6 (S.D. Fla. Nov. 5, 2020). Additionally, Plaintiff fails to allege any facts that could plausibly connect the purported consumer report to Defendant. This is fatal to Plaintiff's claims. *See Iqbal*, 556 U.S. at 678 (a complaint cannot rest on "'naked assertion[s]' devoid of 'further factual enhancement.'") (quoting *Twombly*, 550 U.S. at 557) (alteration in original). Therefore, the Court finds that Plaintiff has failed to state a claim for relief.

Accordingly, for the reasons stated above, it is **ORDERED and ADJUDGED** that Defendant 3000 Island Boulevard Condominium Association, Inc.'s Motion to Dismiss (ECF No. 9) is **GRANTED**. Plaintiff's Complaint (ECF No. 1) is **DISMISSED**. Plaintiff may file an amended complaint that rectifies the deficiencies noted above within *fourteen days* of the date of this Order.

**DONE and ORDERED** in Chambers in Miami, Florida, this 20th day of September 2022.

_____
**DARRIN P. GAYLES**
UNITED STATES DISTRICT COURT JUDGE
For Marcia G. Cooke, U.S. District Judge

Copies furnished to:
*Counsel of record*